IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID CLAPP, | ) | |
|     Petitioner, | ) | Case No. 7:05CV00092 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| UNITED STATES, | ) | By: James P. Jones |
|     Respondent. | ) | Chief United States District Judge |

Petitioner William David Clapp, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Clapp contests the validity of his 2003 conviction. Clapp alleges that his counsel was ineffective and that his collateral-attack waiver was not knowing and intelligent. The respondent has filed a Motion to Dismiss, to which the petitioner has responded, making this matter ripe for the court's review. After a careful review of the petition, the court is of the opinion that the respondent's Motion to Dismiss must be granted.

**I. Procedural History.**

On October 16, 2002, pursuant to a written plea agreement, Clapp pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On February 11, 2003, the court sentenced Clapp to 180 months in prison. Clapp appealed his sentence and it was affirmed. United States v. Clapp, 71 Fed. Appx. 279 (4th Cir. 2003), cert. denied, 540 U.S. 1203 (2004). Clapp signed the instant motion on January 31, 2005.

## II. Analysis.

Clapp's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Clapp meets the requirements of § 2255 because he was in custody pursuant to a judgment of this court at the time of the petition, and remains in custody to this day.

### A. Waiver.

Clapp signed a waiver that was part of the plea agreement. This waiver stated that Clapp would not collaterally attack his conviction or sentence. As a result, Clapp can only attack the legitimacy of the waiver. Unless the waiver is found to be unenforceable, Clapp's remaining claims must be dismissed.

The Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as they are entered into voluntarily and knowingly. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). A defendant's statements during the plea colloquy provide powerful evidence that his waiver is valid, along with evidence that he discussed the terms of the waiver provision with counsel and/or the court and fully understood them. See United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000).

During the guilty plea hearing, the court questioned Clapp to determine if he was knowingly and voluntarily accepting the plea agreement. Clapp responded, under oath, that he had read and

2

initialed the plea agreement and that he had been given sufficient time to discuss the plea agreement with counsel and understood its terms. Tr. Guilty Plea (Oct. 16, 2002) at 5. In addition, the Court specifically asked Clapp if he understood that he was waiving his right to collaterally attack his sentence, and Clapp replied in the affirmative. Id. at 10.

Clapp alleges that his plea was not voluntary because counsel failed to properly investigate the case and misinformed him about the requirements necessary to prove possession of the firearm. Clapp points to his comments during the guilty-plea hearing to show that he was misinformed about his guilt.

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. In order to show ineffective assistance of counsel in recommending a plea agreement, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Even assuming that counsel in fact failed to properly inform Clapp about the requirements necessary to prove possession of a firearm, the court repeatedly explained the requirements to him

3

and Clapp decided that despite this information, he still wished to plead guilty:

> COURT: [I]t sounds like from the Government's case that you possessed these firearms. Now, what you're telling me is a little different story than that, but what I need for you to understand, and for you to tell me that you understand, is that the Government would be required to prove beyond a reasonable doubt to the satisfaction of the jury that you possessed the firearms. . . . Now, telling me you didn't know they were there, that would not make you guilty. If you didn't know they were there . . . in this home you were living in, that's not a violation of the law. . . . [T]he Government would be required to prove beyond a reasonable doubt that you knew the guns were available to you in that home, that you could get them, that they were there, that you were living in a home with guns. And you need to understand that. You may decide to plead guilty because you think the Government could convict you anyway, in spite of what you see as the facts.
>
> CLAPP: I believe they could.
>
> COURT: But I need for you to understand that the, the story that you're telling me would not make you guilty, okay? Now, you may not want to risk going to a jury trial on that, and that's, that's an informed decision on your part. That's okay.
>
> CLAPP: It is.
>
> COURT: But I need you to understand that the story you first told me that you didn't know these guns were there, and all you did was tell your mother to take them to your place of business, if the jury believed that, then you would be found not guilty of these charges. Do you understand that?
>
> CLAPP: Yes.
>
> COURT: Do you still wish to plead guilty?
>
> CLAPP: Yes.

Tr. Guilty Plea (Oct. 16, 2002) at 20-22.

Clapp thus made clear during the plea hearing that even after the court properly informed him of the relevant law, he still wished to plead guilty. The evidence conclusively shows that at the time of the plea hearing, Clapp would not have insisted on going to trial after being properly informed about the law. Because Clapp is bound by his statements at his guilty plea hearing, his

4

collateral attack waiver is valid and he is procedurally barred from bringing his remaining claims in this court.

### B. Ineffective Assistance of Counsel.

Clapp's remaining claims are barred as a result of his collateral attack waiver. See <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. Apr. 11, 2005) (holding that ineffective assistance of counsel claims are barred by a valid collateral attack waiver). Therefore, because the court finds that Clapp's collateral attack waiver is valid, the court must dismiss Clapp's remaining claims as procedurally barred.

### III. Conclusion.

The court finds that Clapp knowingly and voluntarily entered into a plea agreement that contained a valid collateral attack waiver. As a result, Clapp's claims are procedurally barred and I must grant the respondent's Motion to Dismiss.

An appropriate order will be entered herewith.

    DATED: July 10, 2005

    /s/ JAMES P. JONES
    Chief United States District Judge